# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

|  |  |
|---|---|
| WAVE NEUROSCIENCE, INC. a Delaware Corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>BRAIN FREQUENCY LLC, a Texas Limited Liability Company<br><br>       Defendant. | Case No. 5:23-CV-00626-XR<br><br>Honorable: Xavier Rodriguez<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

## PLAINTIFF WAVE NEUROSCIENCE, INC.'S ANSWER TO DEFENDANT BRAIN FREQUENCY LLC'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Wave Neuroscience, Inc. ("Wave" or "Plaintiff") respectfully answers the Counterclaims filed by Defendant and Counterclaim Plaintiff Brain Frequency LLC ("Brain Frequency") on November 13, 2023 (Dkt. 13).

Wave denies all allegations in Defendant's Counterclaims, whether express or implied, that are not specifically admitted below. Wave denies that Defendant is entitled to the relief requested or any other relief.

## COUNTERCLAIMS

Defendant alleges the following counterclaims against Plaintiff:[1]

---

[1] Each of the numbered paragraphs herein correspond to the same paragraph in Defendant's Counterclaim.

## THE PARTIES

1.      On information and belief, Wave admits that Brain Frequency is a Texas limited liability company with its principal place of business at 26229 N. Cranes Mill Rd., Canyon Lake, TX 78133.

2.      Admitted.

## NATURE OF THE ACTION

3.      Admitted.

4.      Wave admits it has accused Brain Frequency of infringing one or more claims of U.S. Patent No. 8,926,490, U.S. Patent No. 10,029,111, U.S. Patent No. 8,465,408, and U.S. Patent No. 8,870,737 (collectively, the "Patents-in-Suit"). Wave does not contest that Brain Frequency denies that it infringed any valid or enforceable claim of the Patents-in-Suit or that it is liable for any infringement. Wave also does not contest that Brain Frequency is alleging that the Patents-in-Suit are invalid for failing to meet the applicable statutory requirements in Part II of Title 35 of the United States Code including 35 U.S.C. §§ 102, 103, and 112 as conditions of patentability.  Wave denies that any of the Patents-in-Suit are invalid or unenforceable, or that Brain Frequency is not liable for any infringement.

5.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave

PLAINTIFF'S ANSWER TO
COUNTERCLAIMS

denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

## JURISDICTION AND VENUE

6.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

7.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave does not contest the subject matter jurisdiction of this Court for the purposes of this civil action.  Wave denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

8.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave does not contest the personal jurisdiction of this Court for the purposes of this civil action.  Wave denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

9.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave does not contest that venue is proper in this Court for the purposes of this civil

action.  Wave denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10.    Wave incorporates by reference each of its answers to each allegation set forth in the preceding paragraphs as if set forth fully herein.

11.    This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave admits it has accused Brain Frequency of infringing one or more claims of the Patents-in-Suit and denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

12.    This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

13.    This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

14.    This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

## COUNT II
## <u>DECLARATORY JUDGMENT OF INVALIDITY</u>

15.      Wave incorporates by reference each of its answers to each allegation set forth in the preceding paragraphs as if set forth fully herein.

16.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies all allegations that it has committed any act that would give rise to any cause of action under the Counterclaims.

17.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

18.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

19.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

20.      This paragraph of Defendant's Counterclaims recites conclusions of law, to which no response is required.  To the extent a response is required, Wave denies the allegations set forth in this paragraph.

## DEMAND FOR JURY TRIAL

Wave has demanded a trial by jury on all issues so triable and admits that Defendant purports to join in this demand.

## PRAYER FOR RELIEF

Wave denies that Defendant is entitled to any of the relief requested in the Counterclaims, or any other relief of any kind. The Patents-in-Suit (U.S. Patent No. 8,926,490, U.S. Patent No. 10,029,111, U.S. Patent No. 8,465,408, and U.S. Patent No. 8,870,737) are valid, enforceable, and infringed by Defendant. Defendant is not entitled to any legal or equitable relief or attorneys' fees. Defendant's prayer for relief should be denied in its entirety, and the Court should award Wave its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable laws.


DATED:  December 4, 2023          Respectfully submitted,


/s/ J. Rick Taché

Harry L. Gillam, Jr.
Texas Bar No. 07921800
J. Travis Underwood
Texas Bar No. 24102587
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: gil@gillamsmithlaw.com
Email: travis@gillamsmithlaw.com

PLAINTIFF'S ANSWER TO
COUNTERCLAIMS

J. Rick Taché (*pro hac vice*)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949)760-1121
Facsimile: (949) 720-0182
Email: rtache@buchalter.com

*Attorneys for Plaintiff*
*WAVE NEUROSCIENCE, INC.*

PLAINTIFF'S ANSWER TO
COUNTERCLAIMS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on December 4, 2023.

*/s/ J. Rick Taché*
 J. Rick Taché

PLAINTIFF'S ANSWER TO
COUNTERCLAIMS