UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| WAVE NEUROSCIENCE, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRAIN FREQUENCY LLC, a Texas Limited Liability Company<br><br>Defendant. | Case No. 5:23-CV-00626-XR<br><br>Honorable: Xavier Rodriguez<br><br>**JOINT FED. R. CIV. P. 26 REPORT** |

# JOINT FED. R. CIV. P. 26 REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's November 14, 2023 Order (Dkt. 14), Plaintiff and Counterclaim Defendant Wave Neuroscience, Inc. ("Plaintiff" or "Wave") and Defendant and Counterclaimant Plaintiff Brain Frequency LLC ("Defendant" or "Brain Frequency"), through their counsel of record have met and conferred and hereby submit this Joint Report.

## I. Outstanding Jurisdictional Issues

There are no outstanding jurisdictional issues.

## II. Unserved Parties

There are no unserved parties.

## III. Summary of Claims

### A. Plaintiff's Claims and Elements Thereto

Plaintiff has filed four claims against Defendant for patent infringement, for infringing one or more claims of U.S. Patent No. 8,926,490 (the "'490 Patent"), U.S. Patent No. 10,029,111 (the "'111 Patent"), U.S. Patent No. 8,465,408 (the "'408 Patent"), and U.S. Patent No. 8,870,737 (the "'737 Patent") (collectively, the "Patents-in-Suit"):

1. Count I: That Brain Frequency has directly infringed, literally or under the doctrine of equivalents, claims 1, 8, and 9 of the '490 Patent by making, using, manufacturing, importing, offering for sale, and/or selling systems that incorporate the system claimed in the patent. Brain Frequency has also indirectly infringed claims 1, 8, and 9 of the '490 Patent by intentionally promoting, aiding, and instructing customers to purchase and use systems that incorporate the system claimed in the '490 Patent.

2. Count II: That Brain Frequency has indirectly infringed claims 1-7 of the '111 Patent by intentionally promoting, aiding, and instructing customers to purchase and use systems and devices in a manner that incorporates the method claimed in the patent.

3. Count III: That Brain Frequency has directly infringed, literally or under the doctrine of equivalents, claims 12, 20, and 21 of the '408 Patent by

making, using, manufacturing, importing, offering for sale, and/or selling systems that incorporate the system claimed in the patent.  Brain Frequency has also indirectly infringed claims 1-4, 9-12, and 20-21 of the '408 Patent by intentionally promoting, aiding, and instructing customers to purchase and use systems and devices in a manner that incorporates the method claimed in claims 1-4 and 9-11 of the patent and the device claimed in claims 12, 20, and 21 of the patent.

    4. <u>Count IV</u>: That Brain Frequency has indirectly infringed claims 1-4 and 8-11 of the '737 Patent by intentionally promoting, aiding, and instructing customers to purchase and use systems and devices in a manner that incorporates the method claimed in the patent.

The elements to the asserted claims for patent infringement are as follows:

    1. <u>Direct Infringement – Literal</u>.  That Brain Frequency made, used, sold, offered for sale within, or imported into the United States a product or process that meets all of the requirements of a claim of the '490 or the '408 patents, and did so without the permission of Wave during the time the patents were in force.  *See* Model Patent Jury Instructions, The Federal Circuit Bar Association, No. B.3.1a, Direct Infringement by "Literal Infringement" (May 2020).

    2. <u>Direct Infringement – Doctrine of Equivalents.</u>  That Brain Frequency made, used, sold, offered for sale within, or imported into the United States a

product or process that contains elements or performs steps that literally meet or are equivalent to each of every element of a claim of the '490 or the '408 patents, and did so without the permission of Wave during the time the patents were in force. *See* Model Patent Jury Instructions, The Federal Circuit Bar Association, No. B.3.1c, Direct Infringement Under the Doctrine of Equivalents (May 2020).

        3. <u>Indirect Infringement – Active Inducement</u>. That the acts carried out by third parties directly infringe a claim of the '490, '111, the '408, or the '737 patents; that Brain Frequency took action during the time the patents were in force that was intended to cause and led to the infringing acts by those third parties; and that Brain Frequency was aware of the '490, '111, the '408, and the '737 patents and knew that the acts, if taken, would constitute infringement of the respective patents. *See* Model Patent Jury Instructions, The Federal Circuit Bar Association, No. B.3.2, Indirect Infringement—Active Inducement (May 2020).

    **B.**    **Defendant's Defenses and Elements Thereto**

<u>Non-Infringement</u>

Defendant Brain Frequency denies that it has directly or indirectly infringed upon one or more asserted claims of the Patents-in-Suit (either literally or under the doctrine of equivalents). Defendant contends that Plaintiff has failed to establish how each limitation of the asserted claims of the Patents-in-Suit are satisfied by the accused devices and methods. Moreover, Defendant denies that it had knowledge

of the Patents-in-Suit or infringing acts (if any) by third parties and denies it knew that any acts taken, would constitute infringement (which Defendant still denies). Further, Defendant denies that it intentionally promoted, aided or instructed customers to purchase and use systems and devices in a manner that infringes. Finally, Defendant denies that the alleged infringement (if found) was willful.

<u>Patents-in-Suit are Invalid and Patent Ineligible</u>

Defendant further contends that each of the asserted claims of the Patents-in-Suit are invalid, unenforceable or ineligible for patenting pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

<u>Affirmative Defenses</u>

At this time, Defendant has plead a number of affirmative defenses including that: a) Defendant is immune from infringement because the accused method is being practiced by health care entities (35 U.S.C. §287(c)), b) Plaintiff's damages, if any, are limited (35 U.S.C. §§287-88), c) Plaintiff failed to mark or provide notice (35 U.S.C. §287), d) Plaintiff is estopped by prosecution history estoppel and

prosecution disclaimer related to the Patents-in-Suit, and, e) Plaintiff cannot establish standing to bring its claims of patent infringement.

### C. Defendant's Counterclaims and Elements Thereto

Defendant has asserted two counterclaims against Plaintiff/Counter-Defendant as follows:

Count I: Declaratory Judgment of Non-Infringement: Brain Frequency does not infringe the asserted claims of the Patents-in-Suit, either directly, indirectly, contributorily, or otherwise. Plaintiff has failed to establish how each limitation of each asserted claim of the Patents-in-Suit are satisfied (directly or under the doctrine of equivalents) by the accused devices and methods. Moreover, Defendant denies that it had knowledge of the Patents-in-Suit or infringing acts (if any) by third parties and denies it knew that any acts taken, would constitute infringement (which Defendant still denies). Finally, Defendant denies that it intentionally promoted, aided or instructed customers to purchase and use systems and devices in a manner that infringes.

Count II: Declaratory Judgment of Invalidity/Patent Eligibility: Brain Frequency contends that each of the asserted claims of the Patents-in-Suit are invalid, unenforceable or ineligible for patenting pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (subject matter), 102 (anticipation), 103 (obviousness), and/or 112

(indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements), the rules, regulations, and laws pertaining thereto, and/or under other judicially-created bases for invalidity.

## IV. Admitted Facts

1. Wave Neuroscience is a Delaware corporation with a principal place of business at 1601 Dove Street, Suite 205, Newport Beach, California 92660.

2. Brain Frequency is a Texas limited liability company with its principal place of business at 26229 N. Cranes Mill Rd., Canyon Lake, TX 78133.

## V. Related Cases

There are no related cases currently pending in any other court. At this time, Plaintiff does not anticipate filing any future related cases. Plaintiff also does not anticipate adding new products to the list of accused products.

## VI. Discovery Plan under Fed. R. Civ. P. 26(f)(3)

### A. Disclosures under Rule 26(a)

The parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i) on or before January 15, 2024.

## B.  Discovery Subjects, Cut-off and Methods

### 1.  Subjects on Which Discovery may be Needed

The Parties agree that the subject(s) on which discovery may be needed as outlined below by each of the Parties respectively is not exhaustive and may be supplemented, as necessary, throughout the course of discovery.

The Parties agree that potential subjects for discovery may generally include any and all matters encompassing averments in (i) Plaintiff's Second Amended Complaint; (ii) Defendant's defenses to Plaintiff's Second Amended Complaint and Defendant's Counterclaims against Plaintiff; and (iii) Plaintiff's defenses to Defendant's Counterclaims, which may include, but are not limited to, the following specifically identified subjects:

- Whether Defendant Brain Frequency directly infringed the asserted claims of the '490 and the '408 patents, and whether that infringement was willful;

- Whether Defendant Brain Frequency indirectly infringed the asserted claims of the '490, '111, the '408, and the '737 patents, and whether that infringement was willful;

- Whether the asserted claims of the four asserted patents identified in Plaintiff's Second Amended Complaint are valid and enforceable;

- Whether the asserted claims of the Asserted Patents are ineligible for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

- Whether and to what extent Plaintiff has complied with the provisions of 35 U.S.C. §§ 286, 287 and 288;

- Whether Plaintiff has standing to assert claims for patent infringement of the Asserted Patents;

- Whether and to what extent Plaintiff has sustained harm due to Defendant Brain Frequency's actions;

- Whether and to what extent Plaintiff is entitled to damages or injunctive relief;

- Whether this is an exceptional case justifying an award of attorneys' fees against Defendant Brain Frequency pursuant to 35 U.S.C. § 285;

- Whether Defendant Brain Frequency is immune from Plaintiff's claims and requested relief under 35 U.S.C. § 287(c);

- Whether this is an exceptional case justifying an award of attorneys' fees against Plaintiff Wave pursuant to 35 U.S.C. § 285; and

- Any other matters pertaining to the claims, counterclaims, and defenses in this case.

The Parties state that the foregoing list is provided solely for the purposes of establishing a Joint Discovery Plan and is not intended to constitute any representation, admission, waiver or limitation regarding their respective rights to take discovery or object to discovery regarding any issue in this litigation.

**2.      Discovery Schedule/Deadlines**

The parties proposed discovery schedule is set forth in the concurrently filed Agreed Scheduling Recommendations.

In addition to the Court's requested scheduling recommendations, Plaintiff requests a deadline be set for the disclosure of amended infringement and invalidity contentions as follows: that the Court permit any party asserting infringement or invalidity to serve final amended infringement or invalidity contentions not later than thirty (30) days after service of the Court's Claim Construction ruling.

Defendant opposes Plaintiff's request to freely amend contentions in light of the Court's Scheduling Order Recommendation which should apply in this case: "Leave of Court is required to amend infringement or invalidity contentions…. Any request to amend must be submitted as soon as practical."

**3.      Discovery Phases**

Plaintiff contends that discovery should not be conducted in phases. Defendant contends that discovery should be stayed until after claim construction (except as to discovery related to claim construction).

**C.      Electronically Stored Information**

If discovery of documents in electronic form is necessary, the parties have agreed to work cooperatively to ensure the efficient preservation and discovery of

such information. All electronically stored documents and information that is produced pursuant to the above shall be produced in a form and format to be agreed upon by the parties.

### D. Confidentiality and Claims of Privilege or Work Product

The parties do not anticipate that any issues will arise from claims of privilege that will require the Court's involvement. The parties agree that no party shall log privileged documents created or transmitted after the filing of the Complaint in this action.

### E. Limitations or Changes to Discovery

The Parties do not currently anticipate a need for changes in limitations on discovery imposed by the Federal Rules or by local rule, except as mentioned below. However, the Parties reserve the right to seek additional depositions should the need arise during the course of discovery. Should further discovery and investigation require one or more Parties to revisit those limitations, then the Parties agree to meet and confer before bringing the issue to the Court's attention.

#### 1. Testimony at Claim Construction Hearing

The parties agree to reserve the right for testifying witnesses to be used at the Claim Construction Hearing.

### 2. Email Service

The parties agree that email service is permitted. If one or more attachments are too large for transmission by email, the parties agree that an FTP service or the equivalent is permitted for the transmittal of such attachments.

### F. Other Orders that Should be Entered

The parties agree the Court should enter a Protective Order to govern the treatment of confidential, proprietary, and/or trade secret information and potential ultrasensitive source code. To that end, the parties will continue to confer in good faith and anticipate submitting a joint proposed Protective Order which will govern the scope of the information and data anticipated to be disclosed in this matter.

In addition, each of the parties request that the Court enter a scheduling order consistent with the dates they have provided in the concurrently filed Agreed Scheduling Recommendations. The parties are not aware at this time of any other Orders that should be issued by this Court under Rules 26(c) or 16(b) and (c).

## VII. Discovery

### A. Status of Discovery

The parties have agreed to exchange their initial disclosures on January 15, 2024.

### B. Technical Documents or Source Code

The parties continue to discuss the anticipated technical information and data to be disclosed in this case including the need for source code.

## VIII. Discovery Disputes

No discovery disputes exist at this time.

## IX. Protective Order

As mentioned above, the parties anticipate submitting a joint Protective Order in this matter.

## X. Mediation

The parties have discussed and are amenable to mediation after claim construction proceedings and discovery have been completed.

DATED: December 14, 2023         Respectfully submitted,

/s/ J. Rick Taché

Harry L. Gillam, Jr.
Texas Bar No. 07921800
J. Travis Underwood
Texas Bar No. 24102587
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: gil@gillamsmithlaw.com
Email: travis@gillamsmithlaw.com

J. Rick Taché (*pro hac vice*)
**BUCHALTER**
A Professional Corporation

18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (949)760-1121
Facsimile: (949) 720-0182
Email: rtache@buchalter.com

*Attorneys for Plaintiff*
*WAVE NEUROSCIENCE, INC.*

/s/ John D. Saba

John D. Saba, Jr.
Texas State Bar No. 24037415
Jack A. Simms, Jr.
Texas State Bar No. 24100378
Matthew K. Gates
Texas State Bar No. 24069770
WITTLIFF | CUTTER PLLC
510 Baylor Street
Austin, Texas 7870
Telephone: (512) 960-4388
Facsimile: (512) 960-4869
Email: john@wittliffcutter.com
Email: jack@wittliffcutter.com
Email: matt@wittliffcutter.com

William M. Parrish
Texas State Bar No. 15540325
Henning Schmidt
Texas State Bar No. 24060569
STRADLING YOCCA
CARLSON & RAUTH
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 788-5020
Email: bparrish@stradlinglaw.com
Email: hschmidt@stradlinglaw.com

*Attorney for*
*DEFENDANT BRAIN FREQUENCY LLC*

15

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on December 14, 2023.

                                        *J. Rick Taché*
                                         J. Rick Taché