# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

WAVE NEUROSCIENCE, INC. a
Delaware Corporation,

      Plaintiff,

vs.

BRAIN FREQUENCY LLC, a Texas
Limited Liability Company

      Defendant.

Case No. 5:23-CV-00626-XR

Honorable: Xavier Rodriguez

## AGREED SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is <u>February 15, 2024</u>.

The deadline for Defendant(s) to file a motion (1) seeking leave to amend pleadings; or (2) to join parties is <u>February 29, 2024</u>.

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>February 21, 2025</u>.

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before <u>March 21, 2025</u>.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is June 6, 2025.

## COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all fact discovery is January 24, 2025.

The deadline for the completion of all expert discovery is April 25, 2025.

## ALTERNATIVE DISPUTE RESOLUTION/MEDIATION

The parties must mediate this case on or before April 25, 2025 and file a report in accordance with Rule 88 within seven (7) days after the mediation is completed.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

## INFRINGEMENT/INVALIDITY CONTENTIONS

By December 15, 2023, a party claiming patent infringement shall serve upon all parties its "Disclosure of Asserted Claims and Infringement Contentions," identifying the accused product(s), the asserted patent(s) that the accused product(s) allegedly infringe(s), and its damages model. Such disclosure shall also produce the file history for each asserted patent.

By <u>February 19, 2024</u>, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions."

Leave of Court is required to amend infringement or invalidity contentions after these dates. Any request to amend must be submitted as soon as practical. <u>Notwithstanding the foregoing, Plaintiff respectfully requests that the Court permit any party asserting infringement or invalidity to serve final amended infringement or invalidity contentions not later than thirty (30) days after service of the Court's Claim Construction ruling.  Defendant opposes Plaintiff's request to freely amend contentions in light of the Court's Scheduling Order Recommendation which should apply in this case:  "Leave of Court is required to amend infringement or invalidity contentions.... Any request to amend must be submitted as soon as practical."</u>

### CLAIM CONSTRUCTION ISSUE IDENTIFICATION

No later than <u>March 22, 2024</u>, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

After the lists are exchanged, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on <u>April 19, 2024</u>. The parties' Joint Claim Construction Chart should identify the term(s) or phrase(s) of the claim(s) at issue and describe each party's proposed construction of the disputed claim language with citation(s) to the intrinsic evidence in support of their constructions. The parties should attach to the Joint Claim Construction Chart a joint appendix including a copy of the patent(s) at issue and portions of all relevant intrinsic evidence cited in the chart.

### CLAIM CONSTRUCTION BRIEFING

The deadline for the parties' to submit <u>simultaneous</u> opening briefs on claim

construction is <u>May 17, 2024</u>.  Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.

**MARKMAN HEARING**

The Court will hear argument on claim construction on <u>August 21, 2024</u>. No later than the date on which their Joint Claim Construction Chart is filed, the parties shall notify the Court, by joint letter submission (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is <u>May 9, 2025</u>.  This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES**

The deadline for filing Rule 26(a)(3) disclosures is <u>June 6, 2025</u>.

The deadline for filing objections under Rule (26)(a)(3) is <u>June 27, 2025</u>. Any objections not made will be deemed waived.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is <u>June 27, 2025</u>.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an

unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.

Motions in limine, if any, will be heard on this date. Counsel should confer

prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The [Bench/Jury] Trial Date is [PARTIES MAY SUGGEST A TRIAL DATE. IT IS RECOMMENDED THAT THE PARTIES CONTACT THE COURTROOM DEPUTY TO DETERMINE AVAILABILITY ON THE COURT CALENDAR] <u>August 11, 2025</u>.

DATED: December 14, 2023             Respectfully submitted,


*/s/ J. Rick Taché*
Harry L. Gillam, Jr.
Texas Bar No. 07921800
J. Travis Underwood
Texas Bar No. 24102587
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: gil@gillamsmithlaw.com
Email: travis@gillamsmithlaw.com

J. Rick Taché (*pro hac vice*)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA  92612-0514
Telephone: (949)760-1121
Facsimile: (949) 720-0182
Email: rtache@buchalter.com


*Attorneys for Plaintiff*
*WAVE NEUROSCIENCE, INC.*

AGREED SCHEDULING
RECOMMENDATIONS

*/s/ John D. Saba*

John D. Saba, Jr.
Texas State Bar No. 24037415
Jack A. Simms, Jr.
Texas State Bar No. 24100378
Matthew K. Gates
Texas State Bar No. 24069770
WITTLIFF | CUTTER PLLC
510 Baylor Street
Austin, Texas 7870
Telephone: (512) 960-4388
Facsimile: (512) 960-4869
Email: john@wittliffcutter.com
Email: jack@wittliffcutter.com
Email: matt@wittliffcutter.com

William M. Parrish
Texas State Bar No. 15540325
Henning Schmidt
Texas State Bar No. 24060569
STRADLING YOCCA
CARLSON & RAUTH
500 W. 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (512) 788-5020
Email: bparrish@stradlinglaw.com
Email: hschmidt@stradlinglaw.com

*Attorney for*
*DEFENDANT BRAIN FREQUENCY*
*LLC*

AGREED SCHEDULING
RECOMMENDATIONS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on December 14, 2023.

*/s/ J. Rick Taché*
 J. Rick Taché

AGREED SCHEDULING
RECOMMENDATIONS