# EXHIBIT C

**From:** "Maness, Catherine" <cmaness@buchalter.com>
**Date:** June 4, 2024 at 12:51:33 PM MDT
**To:** "John Saba Jr." <john@wittliffcutter.com>, "Schmidt, Henning" <HSchmidt@stradlinglaw.com>
**Cc:** "Taché, Rick" <rtache@buchalter.com>, "Aizad, Jared" <jaizad@buchalter.com>, "Mallgrave, Deborah S." <dmallgrave@buchalter.com>, "Parrish, Bill" <bparrish@stradlinglaw.com>, Matt Gates <matt@wittliffcutter.com>
**Subject: RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]**


Hi John,

Dr. Dempsey defined a POSITA as having "a graduate degree in mental health, neuroscience, or a related field . . . in addition to having advanced training and experience in use of either EEG or TMS technology". According to Dr. Dempsey himself, the "advanced training and experience" with TMS or EEG is necessary in addition to the required graduate degree. Our request was aimed to determine if Dr. Dempsey has such "advanced training and experience" in TMS, something Wave never should have had to ask for.

It is Defendant's burden to show that Dr. Dempsey meets his own definition of a POSITA, not Wave's to ferret such out through multiple rounds of emails and conferences. Yet, Wave has given Defendant numerous opportunities to provide the requested information. As Defendant continues to fail to show that Dr. Dempsey has such "advanced training and experience" with TMS (now because an upcoming *publication* is "sensitive and confidential"), Wave will file its motion to strike Dr. Dempsey as an expert.

To characterize the motion as "baseless" evidences the weakness of Defendant's position, in particular its steadfast refusal to provide the reasonably requested information as to Dr. Dempsey's qualifications in this key area of technology and its unwillingness to withdraw Dr. Dempsey as a POSITA in the face of clear evidence that he is unqualified to be an expert. Consequently, the Court will be burdened by this Motion to Strike because Defendant elected to retain an unqualified expert and failed, when given repeated opportunities, to provide the requested proof of Dr. Dempsey's qualifications to be a POSITA.

Best,


## Buchalter

**Catherine Maness** she/her/hers
Special Counsel
**T** (801) 401-8609
**C** (385) 977-1991
cmaness@buchalter.com

60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
www.buchalter.com

---

**From:** John Saba Jr. <john@wittliffcutter.com>
**Sent:** Tuesday, June 4, 2024 11:39 AM
**To:** Maness, Catherine <cmaness@buchalter.com>; Schmidt, Henning <HSchmidt@stradlinglaw.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill <bparrish@stradlinglaw.com>; Matt Gates <matt@wittliffcutter.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

This message has originated from an **External Email**. John Saba Jr. <john@wittliffcutter.com>:

---

Catherine,
We do not understand how the information requested will have a bearing on Dr. Dempsey's qualifications.  We have provided his qualifications pursuant to Rule 26 which includes a summary of his over 20 years of experience in neuroscience.   Suffice to say, he is qualified.

Please also note that the information and details of the study are sensitive and confidential.  Having said that we can tell you that the  purpose of the study was

specifically aimed to investigate TMS application and the impact on substance use disorder treatment.  Dr. Dempsey was the primary investigator for the study, independently completed the methodological design and the institutional review board approval.

We would strongly urge Plaintiff to not waste the Court's time with a baseless motion to strike.

Thank you,

John


John D. Saba
Partner
WITTLIFF | CUTTER
510 Baylor Street
Austin, TX 78703
john@wittliffcutter.com
www.wittliffcutter.com
Office: 512.960.4438| Fax: 512.960.4869


CONFIDENTIAL:  The contents of this email and all attachments are intended as confidential communications protected by attorney-client privilege and/or work product privilege.  If you are not the intended recipient of this email, please immediately delete it and any attachments to it.  If you received this email in error, please contact the sender: john@wittliffcutter.com


**From:** Maness, Catherine <cmaness@buchalter.com>
**Sent:** Monday, June 3, 2024 1:21 PM
**To:** John Saba Jr. <john@wittliffcutter.com>; Schmidt, Henning <HSchmidt@stradlinglaw.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill <bparrish@stradlinglaw.com>; Matt Gates <matt@wittliffcutter.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

[EXTERNAL SENDER]

Hi John,

Thank you for sending the updated CV. However, to property evaluate Dr. Dempsey's qualifications, we need the following addition information regarding the "Study of TMS as Addiction Treatment":

- Nature of the study

- Dr. Dempsey's role in developing the project
- Dr. Dempsey's involvement in running the project
- Hours Dr. Dempsey has worked on the project
- Other persons named as researchers with the project and their roles
- As his CV states "publication in progress", a copy of the current draft publication

Please provide this information by the end of the day today. This is Defendant's one opportunity to belatedly establish whether or not Dr. Dempsey actually qualifies as a POSITA.  Any unwarranted delay in responding or incomplete answers will, along with the information provided earlier today, factor into whether or not we proceed with our Motion to Strike.

Best,

## Buchalter

**Catherine Maness** she/her/hers
Special Counsel
**T** (801) 401-8609
**C** (385) 977-1991
cmaness@buchalter.com

60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
www.buchalter.com

---

**From:** John Saba Jr. <john@wittliffcutter.com>
**Sent:** Monday, June 3, 2024 10:25 AM
**To:** Maness, Catherine <cmaness@buchalter.com>; Schmidt, Henning <HSchmidt@stradlinglaw.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill <bparrish@stradlinglaw.com>; Matt Gates <matt@wittliffcutter.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

| This message has originated from an **External Email**. John Saba Jr. <john@wittliffcutter.com>: |
| --- |

---

Catherine,
Dr. Dempsey is qualified to render his opinions as a POSITA.  As a courtesy, we've included a more detailed c.v. for your consideration.

Thanks,
John

---

**From:** Maness, Catherine <cmaness@buchalter.com>
**Sent:** Friday, May 31, 2024 12:48 PM
**To:** Schmidt, Henning <HSchmidt@stradlinglaw.com>; John Saba Jr.
<john@wittliffcutter.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>;
Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill
<bparrish@stradlinglaw.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

[EXTERNAL SENDER]

Henning,

This is not a discovery motion, motion for extension, or any other type of motion where the Parties would reasonably or even typically be able to agree. Wave is asking for Defendant's expert's testimony to be excluded in full. Wave's below excerpted statements were a good faith recognition of that fact and an attempt to use all of our time as efficiently as possible.

As to the timing, while not Wave's burden, its attorneys' spent time these past two weeks digging into the underlying issues, including whether Dr. Dempsey had any EEG or TMS experience, despite Defendant's failure to affirmatively explain as much. It then spent time determining the best course of action to address Defendant's deficiencies. Such efforts, that Wave never should have had to undertake, are time intensive, especially in conjunction with drafting a response to Defendants' many asserted claim terms. Wave's timeline was and is reasonable.

We explained that Defendant failed to support that Dr. Dempsey is a POSITA. The additional options (2) and (3) in my initial email further support that Dr. Dempsey is not a POSITA and his testimony is, thus, unreliable and should be excluded. No amount of conferring will change Defendant's failure to comply with its obligations to show that Dr. Dempsey is a POSITA. Thus, the only response that would moot this motion is if Defendant will withdraw its unqualified expert. Is Defendant willing to withdraw the expert that it relies on for all evidentiary support for its claim construction arguments? As Wave previously pointed out, we assume the answer is no.

This is a simple yes/no issue. While we believe such a conference is unnecessary, we are available throughout the remainder of today, over the weekend, and until noon PDT Monday to conduct a meet and confer, should you wish to do so.  Please confirm no later than Monday noon PDT whether Defendant is willing to withdraw Dr. Dempsey's declaration. If not, we will assume that the motion is opposed and will proceed accordingly.

Best,

## Buchalter

**Catherine Maness** she/her/hers
Special Counsel
**T** (801) 401-8609
**C** (385) 977-1991
cmaness@buchalter.com

60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
www.buchalter.com

**From:** Schmidt, Henning <HSchmidt@stradlinglaw.com>
**Sent:** Friday, May 31, 2024 10:27 AM
**To:** Maness, Catherine <cmaness@buchalter.com>; John Saba Jr.
<john@wittliffcutter.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>;
Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill
<bparrish@stradlinglaw.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

> This message has originated from an **External Email**. Schmidt, Henning
> <hschmidt@stradlinglaw.com>:

Catherine,

Local rule CV-7(g) requires that counsel for the parties have conferred in a good-faith
attempt to resolve the matter by agreement.  However, in your initial email already,
you stated that "Wave assumes that Defendant will oppose" and even your response to
my good faith attempt to meaningfully confer responds that "it is not anticipated that
Defendant is willing to agree."  You received Dr. Dempsey's declaration on May 17, yet
raise this issue only two weeks later (yesterday afternoon) and mean to file your
motion today.  Your demand is unreasonable and does not reflect the required good
faith effort to meet and confer.  Further, your response only addresses your issue (1),
but does not address issues (2) and (3).



**Henning Schmidt**
Counsel
HSchmidt@stradlinglaw.com

Stradling Yocca Carlson & Rauth LLP
500 W. 2nd St., Suite 1900

Austin, TX 78701
**D:** 512 788 5018 **M:** 512 826 7067



stradlinglaw.com

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

---

**From:** Maness, Catherine <cmaness@buchalter.com>
**Sent:** Thursday, May 30, 2024 10:08 PM
**To:** Schmidt, Henning <HSchmidt@stradlinglaw.com>; John Saba Jr. <john@wittliffcutter.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill <bparrish@stradlinglaw.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

Counsel,

Wave alerted you as to its motion in a proffer of good faith. However, we do not believe any conference is required under the applicable rules. It is not anticipated that Defendant is willing to agree that its expert declaration upon which it entirely relies in support for its claim construction arguments should be struck. Your attempt to delay Wave's motion are not taken kindly.

Saying that, case law and the federal rules are clear that an expert must be qualified by knowledge, skill, experience, training, or education and that it is the proffering party's (here, Defendant) burden to show their expert is qualified. *See* Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 590–91 (1993).

While Wave disagrees with Dr. Dempsey's assertion of what qualifies a person as a POSITA (and will address this issue separately in its responsive brief), Dr. Dempsey opined that a POSITA would have "advanced training and experience in use of either EEG or TMS technology" among other qualifications. However, neither Dr. Dempsey nor Defendant provided any evidence that Dr. Dempsey has such "advanced training" with either EEG or TMS. As such, Dr. Dempsey's declaration can be struck or excluded from the record. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008); *Williamson ex rel. At Home Bondholders' Liquidating Tr. v. Verizon Commc'ns Inc.,* 2012 WL 5425033, at *3 (S.D.N.Y. Nov. 7, 2012).

It was Defendant's burden to prove that Dr. Dempsey is a POSITA and it failed to do so. As such, Wave plans to move to exclude Dr. Dempsey's expert testimony in a filing tomorrow absent Defendant's concurrence with this motion or agreement to

unilaterally withdraw Dr. Dempsey as its expert and strike all references to his declaration and reliance there upon.

Best,

**Buchalter**

**Catherine Maness** she/her/hers
Special Counsel
**T** (801) 401-8609
**C** (385) 977-1991
cmaness@buchalter.com

60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
www.buchalter.com

---

**From:** Schmidt, Henning <HSchmidt@stradlinglaw.com>
**Sent:** Thursday, May 30, 2024 7:41 PM
**To:** Maness, Catherine <cmaness@buchalter.com>; John Saba Jr. <john@wittliffcutter.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Schmidt, Henning <HSchmidt@stradlinglaw.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Parrish, Bill <bparrish@stradlinglaw.com>
**Subject:** RE: Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

> This message has originated from an **External Email**. Schmidt, Henning <hschmidt@stradlinglaw.com>:

---

Catherine, to allow us to fully evaluate your position, can you please provide your legal basis that the issues you allege go to admissibility as opposed to weight of the testimony?   Further, we need some time to evaluate legal basis for your motion once you provide it.  We can be available for a phone conference a reasonable time after you provide this information.  Thank you!

<image001.png>

**Henning Schmidt**
Counsel
HSchmidt@stradlinglaw.com

Stradling Yocca Carlson & Rauth LLP
500 W. 2nd St., Suite 1900
Austin, TX 78701
**D:** 512 788 5018 **M:** 512 826 7067

stradlinglaw.com

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Maness, Catherine <cmaness@buchalter.com>
**Sent:** Thursday, May 30, 2024 4:36 PM
**To:** John Saba Jr. <john@wittliffcutter.com>
**Cc:** Taché, Rick <rtache@buchalter.com>; Aizad, Jared <jaizad@buchalter.com>; Mallgrave, Deborah S. <dmallgrave@buchalter.com>; Schmidt, Henning <HSchmidt@stradlinglaw.com>; Parrish, Bill <bparrish@stradlinglaw.com>
**Subject:** Wave Neuro v. Brain Frequency - Motion to Strike [IMAN-BN.FID4818196]

Hi John,

Upon review and full analysis of Dr. Dempsey's declaration and pursuant to L.R. 7(G), Plaintiff Wave notifies Defendant that it plans to move to strike Dr. Dempsey's expert declaration for the following reasons:

> <!--[if !supportLists]-->(1)  <!--[endif]-->Dr. Dempsey is not a POSITA due to his lack of experience with TMS;
> <!--[if !supportLists]-->(2)  <!--[endif]-->Dr. Dempsey's testimony is conclusory and unsupported; and
> <!--[if !supportLists]-->(3)  <!--[endif]-->Dr. Dempsey is biased due to Trac9's (his company/employer) business relationship with the Windmill Wellness Ranch, an entity related to Defendant and which was a prior Defendant in this lawsuit.

Due to the nature of the motion, Wave assumes that Defendant will oppose Wave's motion. Nevertheless, please confirm whether Defendant opposes Wave's motion. Wave plans to file the motion contemporaneously with its responsive claim construction brief.

Best,

Buchalter

**Catherine Maness** she/her/hers
Special Counsel
**T** (801) 401-8609
**C** (385) 977-1991
cmaness@buchalter.com