IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WAVE NEUROSCIENCE, INC., A DELAWARE CORPORATION;<br>*Plaintiff*<br><br>-vs-<br><br>BRAIN FREQUENCY LLC, A TEXAS LIMITED LIABILITY COMPANY;<br>*Defendant* | §§§§§§§§§§§ | SA-23-CV-00626-XR |

**ORDER**

On this date, the Court considered the status of this case. On October 4, 2024, the Court granted *without prejudice* Plaintiff Wave Neuroscience, Inc's ("Wave") motion to strike Defendant Brain Frequency LLC's ("Brain") expert report of Dr. Jared Dempsey under Federal Rule of Evidence 702. ECF No. 47. The Court held that Dr. Dempsey's did not have the proper qualifications because there was insufficient evidence to demonstrate he had "advanced training or experience" in Transcranial Magnetic Stimulation ("TMS"). *Id.* The Court found that the reference to a single research project related to TMS from May 2022–April 2024 (the "Study") on Dr. Dempsey's curriculum vitae, without further information, did not establish that he had a "hands-on or technology-facing" role. *Id.* Brain previously withheld the specifics of this project, citing confidentiality concerns. The Court concluded that

> Brain provides no indication of whether Dr. Dempsey received any training prior to or during the study, how many hours Dr. Dempsey worked on the study, a copy of the draft publication (subject to a confidentiality designation), or any other information that could have gleaned insight into whether it is more likely than not that Dr. Dempsey has "advanced training and experience" in TMS.

*Id.*

The Court granted Wave's motion "without prejudice to the extent Brain can cure the deficiencies with Dr. Dempsey's qualifications." *Id.* at 9 n.7. Two weeks later—on October 17,

1

2024—Brain filed a "Notice of Cure." ECF No. 49. This included a revised declaration by Dr. Dempsey which, among other things, detailed his involvement in the Study. ECF No. 49-1. Brain also filed, under seal, the study itself. ECF No. 50. Brain contends that this information cured the deficiencies.

The Court agrees. Dr. Dempsey attests that he directly participated in the treatment of subjects using TMS and EEG technology, that he outlined the precise treatment protocols used in the study, and that he participated in the *actual application* of TMS using EEG and certain software to gauge the effects. *Id.* at 8–10. This appears to be a "forward-facing role." Dr. Dempsey further states he has worked on the Study since 2022 for over 1,000 hours, along with months of preparatory work. *Id.* at 10.

Wave's two objections are unavailing. First, Wave maintains that Dr. Dempsey is not qualified to opine as a person of ordinary skill in the art ("POSITA"). Its primary qualm is that Dr. Dempsey does not explain "the nature of actual TMS treatments provided." ECF No. 51 at 8. But the Study itself explains the nature of the treatments. ECF No. 50 at 9–13. And the Court does not see how the "nature of the treatments," or what the TMS treatments were targeted to, would affect whether Dr. Dempsey is a POSITA. Wave's own proposed definition of a POSITA is not cabined to a specific type of TMS treatment.

Second, Wave also claims that it will suffer undue prejudice if Brain is granted relief. The Court does not see how Dr. Dempsey's testimony, if any, would prejudice Wave. Wave has been on notice of Dr. Dempsey's testimony since at least May 2024 when Brain filed its opening claim construction brief. ECF No. 34. The October 2, 2024 status conference proceeded under the assumption that Dr. Dempsey would testify at the *Markman* hearing. The Court explicitly granted

Brain an opportunity to cure the deficiencies in its designation. Any assumption on Wave's part that Dr. Dempsey's conclusions or testimony would be permanently excluded was unwarranted.

Because Brain has cured the deficiencies in Dr. Dempsey's designation as a POSITA, the Order granting Wave's motion to strike (ECF No. 39) is **VACATED**. Wave may, of course, seek appropriate discovery, including an abbreviated deposition of Dr. Dempsey, to inquire into issues that impact the credibility and weight of his testimony (*e.g.*, his background, experience, and any other appropriate matters). Such discovery will be sufficient to cure any "prejudice" that Wave has suffered in the past three weeks.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the Order Granting Motion to Strike (ECF No. 47) is **VACATED**, and Wave's Motion to Strike (ECF No. 39) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 22nd day of October, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE