# E<u>XHIBIT</u> A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WAVE NEUROSCIENCE, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRAIN FREQUENCY LLC, a Texas Limited Liability Company<br><br>Defendant. | Case No. 5:23-CV-00626-XR |

## AGREED AMENDED SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in an amended scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is February 15, 2024.

The deadline for Defendant(s) to file a motion (1) seeking leave to amend pleadings; or (2) to join parties is February 29, 2024.

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before May 2, 2025.

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before May 30, 2025.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is <u>June 20, 2025</u>.

**COMPLETION OF DISCOVERY**

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all fact discovery is <u>April 4, 2025</u>.

The deadline for the completion of all expert discovery is <u>July 7, 2025</u>.

**ALTERNATIVE DISPUTE RESOLUTION/MEDIATION**

The parties must mediate this case on or before <u>July 7, 2025</u> and file a report in accordance with Rule 88 within seven (7) days after the mediation is completed.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

**INFRINGEMENT/INVALIDITY CONTENTIONS**

By <u>January 19, 2024</u>, a party claiming patent infringement shall serve upon all parties its "Disclosure of Asserted Claims and Infringement Contentions," identifying the accused product(s), the asserted patent(s) that the accused product(s) allegedly infringe(s), and its damages model. Such disclosure shall also produce the file history for each asserted patent.

By <u>February 19, 2024</u>, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions."

Leave of Court is required to amend infringement or invalidity contentions after these dates. Any request to amend must be submitted as soon as practical.

**CLAIM CONSTRUCTION ISSUE IDENTIFICATION**

No later than <u>March 22, 2024</u>, the parties shall exchange a list of those claim

term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

After the lists are exchanged, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 19, 2024. The parties' Joint Claim Construction Chart should identify the term(s) or phrase(s) of the claim(s) at issue and describe each party's proposed construction of the disputed claim language with citation(s) to the intrinsic evidence in support of their constructions. The parties should attach to the Joint Claim Construction Chart a joint appendix including a copy of the patent(s) at issue and portions of all relevant intrinsic evidence cited in the chart.

### CLAIM CONSTRUCTION BRIEFING

The deadline for the parties' to submit simultaneous opening briefs on claim construction is May 17, 2024. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.

### MARKMAN HEARING

The Court will hear argument on claim construction on October 30, 2024. No later than the date on which their Joint Claim Construction Chart is filed, the parties shall notify the Court, by joint letter submission (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

### PRETRIAL MOTIONS

No motion (other than a motion in *limine*) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and *Daubert* motions) is July 18, 2025. This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length. Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

### WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES

The deadline for filing Rule 26(a)(3) disclosures is August 15, 2025.

The deadline for filing objections under Rule (26)(a)(3) is September 5, 2025. Any objections not made will be deemed waived.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is September 26, 2025.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed

conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The parties jointly request that trial be set for October 14, 2025, or in the alternative December 8, 2025.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2025.

                                                              _____
                                                              XAVIER RODRIGUEZ
                                                              UNITED STATES DISTRICT JUDGE